**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MOREQUITY, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| *v.* | § | **Civil Action No. 3:14-CV-0220-N-BK** |
| | § | |
| **RONNIE COMPTON,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management.  The Court now considers *Plaintiff's Motion to Remand to Proceeding*.  [Doc. 5].  Upon review, the Motion should be **GRANTED** and this case should be **REMANDED** to state court for all further proceedings due to lack of jurisdiction.

Plaintiff filed a petition for forcible detainer against the *pro se* Defendant in Tarrant County Justice Court.[1]  [Doc. 3 at 7].  A default judgment was entered against Defendant, who then appealed to County Court at Law Number 1.  [Doc. 3 at 10, 12–13].  Trial was scheduled in the county court for January 23, 2014, however, Defendant removed the action to this Court on January 21, 2014.  [Doc. 3 at 1, 16].  In his *Notice of Removal*, Defendant contends that subject matter jurisdiction exists in this Court based on the diverse citizenship of the parties and the requisite amount in controversy being satisfied.  [Doc. 3 at 1–3].

---

[1]  While removal of this case should have been to the Fort Worth Division of this Court, in the interest of judicial economy, the Court declines to transfer the case.  28 U.S.C. § 1406(a); *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (noting the district court's broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

On January 28, 2014, Plaintiff filed its motion for remand, alleging that the requisites for neither federal question nor diversity jurisdiction are satisfied in this case.  [Doc. 5 at 4, 6-7].  In response, Defendant reiterates his position that "[t]his court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000 and RONNIE COMPTON AND all occupants [and] MOREQUITY INC. are citizens of different states."  [Doc. 6 at 1].  He further argues that jurisdiction exists because "Plaintiff's Complaint alleges a cause of action under the laws of the United States, 15 U.S.C. § 1681 *et seq* (Compl., introductory)."  [Doc. 6 at 1-2].  Defendant is wrong and his position is unsupported.

A suit originally filed in state court is removable to federal court on the basis of diversity jurisdiction as long as no defendant is a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b).  This is commonly known as the "forum-defendant" rule.  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009).  Here, Defendant's removal notice concedes that he is a Texas citizen.  [Doc. 3 at 2].  Because he removed this case to a district court sitting in Texas, removal was improper under section 1441(b).  Federal question jurisdiction is also unsupported.

Moreover, Plaintiff has alleged only a run-of-the-mill forcible detainer action and makes no reference to any federal cause of action in its petition.  [Doc. 7-5].  Contrary to Defendant's assertion, there is no mention of "15 U.S.C. § 1681 *et seq*" (governing fair and accurate credit reporting) in the petition.

For the foregoing reasons, it is recommended that *Plaintiff's Motion to Remand to Proceeding* [Doc. 5] be **GRANTED** and this case be **REMANDED** to County Court at Law Number 1 of Tarrant County.

**SO RECOMMENDED** on April 17, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE